UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HECTOR PORTILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 04 C 1537 |
| ) | |
| GEORGIE BOY MANUFACTURING, LLC, ) | |
| a Michigan corporation; and PONTIAC R.V. ) | |
| INC., an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Georgie Boy Manufacturing, LLC ("Georgie Boy") and Pontiac R.V., Inc. ("Pontiac") for summary judgment. For the reasons set forth below, the motion is denied.

## BACKGROUND

Georgie Boy is a Michigan corporation that manufactures recreational vehicles and motor homes. On January 18, 2003, Plaintiff Hector Portillo purchased a new 2003 Georgie Boy Landau motor home from Pontiac, Georgie Boy's authorized dealership. Georgie Boy issued Portillo a New Recreational Vehicle Limited Warranty for the motor home.

Shortly after the purchase, Portillo began to notice problems with the motor home. In an effort to resolve them, he had the motor home serviced by Georgie Boy's authorized agents and dealers, including Pontiac, six times during 2003. Nineteen complaints regarding the motor home were presented during that time. Since the last time Portillo took the motor home to be repaired in November 2003, he has driven it from his home in Darien, Illinois, to south-central Illinois, west-central Indiana, and to Long Island, New York.

On January 22, 2004, Portillo sent a letter to Pontiac, which stated that he wished to revoke his acceptance of the motor home. He requested that the sale be cancelled and his money refunded. Four days later, he filed suit in the circuit court of Cook County, alleging breach of express and implied warranties under Illinois law and the federal Magnuson-Moss Warranty Act, revocation of acceptance, breach of contract, and rescission of contract. Relying on the federal claims asserted under the Magnuson-Moss Act, Georgie Boy removed the case to this court in late February.

On April 12, 2005, Portillo added two counts of fraud, one common law and statutory, to his complaint in connection with representations about the model year of the motor home. Georgie Boy and Pontiac now move for summary judgment on all nine counts of the amended complaint.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transp. Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, we turn to the motion before us.

# DISCUSSION

## A. Breach of Express Warranty and Contract

Count one sets forth a breach of express written warranty cause of action under Illinois law, 810 ILCS 5/1-101 et seq., and count four presents the same claim under the Magnuson-Moss Warranty Act. 15 U.S.C. § 2301 et seq. These claims must contain four elements: the motor home contained a defect covered by the warranty; Portillo complied with the warranty's terms; Defendants had a reasonable opportunity to perform the necessary repairs; and Defendants were unable to repair the defect within a reasonable time or after a reasonable number of attempts. Pearson v. DaimlerChrysler Corp., 813 N.E.2d 230, 237 (Ill. App. Ct. 2004); Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627, 639 (Ill. App. Ct. 2001) (noting that elements are the same under state and federal law). The first element requires a plaintiff to prove the existence of a defect in the vehicle covered by the warranty. Razor v. Hyundai Motor America, 813 N.E.2d 247, 258 (Ill. App. Ct. 2004). In the context of a motor vehicle, a problem becomes a defect if it prevents the owner from using the vehicle for its ordinary purpose. See id. For example, because the ordinary purpose of a car is to provide a means of transportation, a car that will not start would be defective. Id.

Portillo contends that the 19 problems identified during 2003 are defects.[1] Specifically, he takes issue with the motor home's motor and generator stalling, the tendency of the external compartment doors and entry door steps to open while the motor home is being driven, malfunctioning of the leveler and water level indicator, and significant air leaks or drafts inside the motor home. He also contends that the front end is loose and that the carbon monoxide detector does not work at all.[2]

Defendants contend that Portillo cannot establish a defect for two reasons. First, they argue that the problems identified do not affect areas essential to the purpose for which the motor home is to be used and therefore they cannot be considered defects as a matter of law. They premise this argument on the fact that the motor home could be used for transportation at all times. However, a reasonable factfinder could find that, unlike a car, the ordinary purpose of a motor home is not merely transportation but to provide a mobile living space suitable for recreational use. It would not be

---

[1] Although Georgie Boy does not address these facts, they are advanced in Portillo's statement of additional facts and supported by competent evidence. Georgie Boy did not controvert these statements, so they are admitted by operation of Local Rule 56.1(b)(3)(B).

[2] During discovery, Portillo's expert found five other problems during his inspection of the motor home, which included a loose sink, fading and shredding in the awning, difficulty in closing the external storage compartment, chipped paint on the front mirrors, and malfunctioning in the outside plumbing hookup. However, since Defendants have not had an opportunity to repair these problems, Portillo cannot claim the warranty was breached as to them because the third and fourth elements of the claim could not be satisfied.

unreasonable to conclude that the aforementioned problems taken in combination, or even some of them alone, prevented Portillo from using the motor home as a mobile living space.

Second, Defendants contend that the fact that Portillo has taken the motor home on various trips since November 2003 establishes that the vehicle is without defect. However, use alone does not necessarily negate the presence of a defect. The court in Razor upheld a verdict in favor of the plaintiff car owner despite the fact that the plaintiff drove the car 20,000 miles after the alleged defects arose. 813 N.E.2d at 260. Thus, Defendants have not provided a convincing legal reason why a reasonable factfinder could not conclude that, notwithstanding Portillo's trips, the issues that Portillo enumerated prevented him from using the motor home for its ordinary purpose.

Because Defendants have not shown the absence of defect as a matter of law, there is no need to address the remaining elements of the cause of action. Summary judgment must be denied for the breach of express warranty cause of action for counts one and four of the complaint.[3] Because counts six and seven are predicated on the

---

[3] Defendants also included the fact that Portillo has not had the motor home repaired since November 2003 as evidence that it lacked defects in their statement of facts. However, the evidentiary support offered is the totality of Portillo's 109-page deposition, rather than a specific place where that information is found. A court need not search for a fact that a party could have easily identified with particularity in its statement. Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 817 (7th Cir. 2004). Because Defendants did not comply with Local Rule 56.1 in presenting this
(continued...)

same arguments as counts one and four, summary judgment must be denied as to those counts as well.

**B. Breach of Implied Warranty of Merchantability**

Count two asserts a breach of implied warranty of merchantability claim under Illinois law, and count five presents the same cause of action brought under the Magnuson-Moss Act. In these types of claims, a product breaches the implied warranty of merchantability if it is not fit for the ordinary purposes for which it is used, much as is true with express warranty claims. 810 ILCS 5/2-314(2)(c); <u>Alvarez v. American Isuzu Motors</u>, 749 N.E.2d 216, 242 (Ill. App. Ct. 2001). For a vehicle to be fit for its ordinary purpose, it should be in safe condition and substantially free of defects. <u>Check v. Clifford Chrysler-Plymouth of Buffalo Grove, Inc</u>., 794 N.E.2d 829, 836 (Ill. App. Ct. 2003).

Defendants again offer Portillo's use of the motor home after November 2003 as conclusive proof that the vehicle is safe and substantially free of defects. For the reasons given with respect to the express warranty claims, this is not enough to show, as a matter of law, that the vehicle was substantially free from defects. <u>See</u> <u>Pearson</u>, 813 N.E.2d at 239 (finding a question of material fact as to whether a vehicle was

---

(...continued)
fact, we will not consider it. <u>See id.</u> at 818. However, a genuine issue of material fact exists with or without consideration of this evidence.

substantially free of defects even though plaintiff drove it 150 miles two or three times a week). Again, it is significant that the ordinary purpose of a motor home goes beyond mere transportation from one place to another. A reasonable factfinder could conclude that some of the problems identified, or all of them combined, made the motor home unfit for its ordinary purpose. Therefore, Defendants' motion for summary judgment on counts two and five of the complaint is denied.

**C. Revocation of Acceptance**

Next, we consider Defendants' request for summary judgment of Portillo's revocation claim. Generally speaking, following revocation of goods, a buyer must preserve the goods for the seller. Basselen v. Gen. Motors Corp., 792 N.E.2d 498, 503 (Ill. App. Ct. 2003). Consequently, a buyer who continues to use goods after purportedly revoking acceptance of them "could face the prospect of nullifying the revocation." Id. Although exceptions exist, in all cases the question turns on whether a buyer's postrevocation use of goods is reasonable under the circumstances. Id. The plaintiff has the burden to prove that postrevocation use was reasonable. Id. A plaintiff's failure to explain his or her continued use of a vehicle bars revocation as a matter of law. Id.

Defendants argue that Portillo's travels in the motor home bar him as a matter of law from revoking acceptance. However, the parties' statements of material facts

do not unequivocally support the proposition that Portillo has used the motor home since revoking acceptance on January 22, 2004, the date that he sent the letter raising revocation. Rather, Defendants claim that the use in question has occurred since November 2003. Construing this statement in the light most favorable to Portillo, the non-moving party, it is entirely possible that the trips occurred after November 2003 but prior to January 22, 2004. Absent specific evidence that Portillo used the vehicle after January 22, Defendants' argument fails. Because Defendants have not demonstrated that a reasonable factfinder could only find in their favor, summary judgment is denied on this count.

**D. Illinois Consumer Fraud and Deceptive Business Practices Act**

In count eight, Portillo alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("DBPA"). In support of his claim, Portillo contends that the motor home was sold to Portillo as a 2003 model even though the vehicle identification number ("VIN") located on the chassis indicated it was a 2002 model.

The DBPA provides broader protection to consumers than a common-law fraud claim. Eshaghi v. Hanley Dawson Cadillac Co. Inc., 574 N.E.2d 760, 764 (Ill. App. Ct. 1991). Like the common law, it prohibits deception, misrepresentation, or the concealment, suppression, or omission of any material fact, intending that others rely

thereon in a business transaction. Id. However, the statute does not require that the plaintiff show that he or she was actually damaged, misled, or deceived by the defendant's actions. Id.

Defendants argue that as a matter of law it was not an unfair or deceptive act for Georgie Boy to designate the model year of the motor home as 2003 when that year was different from that of the vehicle's chassis. Defendants contend that the motor home was "multi-stage"; that is, one manufacturer constructed the chassis and another the body. They urge that the two parts could have been built in different years, thus making the inconsistent VINs accurate and not misleading. Even assuming that this underlying premise is sound, Defendants have offered no evidence about when the construction of the body was completed. Without this information, an issue of fact remains as to whether Georgie Boy or Pontiac's representation of the motor home as a 2003 model was inaccurate and misleading. Moreover, the fact that the motor home was "multi-stage" from Portillo at the time of his purchase could be construed as material, so its omission from the business transaction could make the situation a candidate for relief under the DBPA. For both these reasons, summary judgment is not warranted on this count.

Portillo also contends, in connection with counts one and four, that Pontiac's statement regarding the model year constituted a description of the motor home that

constituted a express warranty that the entire motor home was built in 2003. 810 ILCS 5/2-313(1)(b). Because of the issues of fact that surround the time of construction as well as the proper determination of the model year, that breach of warranty claim cannot be resolved short of trial either.

**E. Common Law Fraud**

Finally, we turn our attention to count nine, which alleges a cause of action for common-law fraud. The elements of common law fraud are: a false representation of material fact by a party who knows or believes it to be false with the intent to induce another to act, reliance on the statement by the plaintiff, and injury as a result of that reliance. Check, 794 N.E.2d at 835. Portillo has set forth evidence sufficient to demonstrate factual issues with this cause of action that must be resolved at trial. Accordingly, summary judgment is not appropriate.

## CONCLUSION

Based on the foregoing analysis, Georgie Boy's motion for summary judgment is denied.

       /s/ Charles P. Kocoras
       _____
       Charles P. Kocoras
       Chief Judge
       United States District Court

Dated:    October 26, 2006